8651

STATE v. SPEARS.

1. MURDER.—Where the evidence in a murder case warrants only a verdict of guilty of murder or an acquittal, an instruction, "If the testimony satisfies you beyond a reasonable doubt that A killed B, then the burden shifts to A to explain it and to satisfy the jury that the law excuses him. Because nothing else appearing and it

appearing that one man killed another, the presumption is the kill-
ing was unlawful," is not error.

2. IBID.—SELF-DEFENSE—CHARGE.—In such a case it is not a charge
   on the facts for the Judge to instruct that self-defense is the
   pivotal question in the case.


Before GARY J., Marlboro, March term, 1913.    Affirmed.

Indictment against Wilson Spears for murder.    Defend-
ant appeals.

*Mr. J. K. Owens,* for appellant, cites: *Proof of killing
alone does not raise presumption of guilt:* 1 Archbold 752;
53 N. Y. 16; 36 Texas 523; 49 Cal. 610; 14 Fla. 499; 29
S. C. 201; 6 S. C. 185; 15 S. C. 153; 30 S. C. 74. *Elimi-
nating all except self-defense was a charge on the facts:* 87
S. C. 407; 2 Bish., sec. 697; Clarke 167; 50 S. C. 423; 79
S. C. 184.

*Solicitor J. Monroe Spears,* contra.

September 20, 1913.   The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK.    This is an appeal from sentence
upon conviction of murder, with recommendation to mercy.
The testimony is very meagre and indefinite as to the details
of the quarrel between the defendant and the deceased
which seem to have arisen immediately before the fatal
encounter, and to have led up to it.    As well as we can
gather from the testimony, there was a frolic at the house of
a negro woman, named Milly Kelly, which was attended by
the defendant, the deceased, and others.    The deceased and
Abram Mack got into a row in the house, and they and
Oscar Mack, Abram's father, went out to settle their diffi-
culty.    While they were so engaged, the defendant
approached them, and asked the deceased for a match.    The

deceased replied, with an oath, that he had no match. After some bandying of words and oaths at each other about the match, each went home and got his gun and returned. The defendant's home was about half a mile away. When they met again, on their way back to the Kelly house, each shot the other. The defendant testified that, as he stepped into a certain path on the way back, the deceased called upon him to "halt;" that he looked and saw deceased holding up his gun to shoot, and he did shoot, and that he (defendant) threw up his gun, as quickly as he could, and shot. He explained his returning to the Kelly house by saying that he left his sister there and went back to escort her home, and that he carried his gun to protect himself.

The first exception assigns error in the following instruction: "If the testimony satisfies you beyond a reasonable doubt that Spears killed Thomas, then the burden is shifted on Spears to explain it, and to satisfy the jury that the law excuses him. Because, nothing else appearing, and it appearing that one man killed another, the presumption is the killing was unlawful."

While it may not be true, as an abstract proposition, applicable under all circumstances, that the mere fact that one man has killed another will raise the presumption that the killing was unlawful, yet the charge of a trial Judge must always be construed as applicable to the facts of the case on trial. When so applied, there was no error in the instruction above quoted. The killing was done with a deadly weapon. There was no legal provocation in the first encounter of words, which could have reduced the killing to manslaughter. If there had been, there was ample cooling time. Therefore, in no possible view of the evidence would the jury have been warranted in finding a verdict of manslaughter. Under the undisputed evidence, the defendant either killed the deceased in self-defense, and was entitled to acquittal, or he was guilty of murder. That being so, and the jury having found a verdict of murder, the assignments of

error in the charge as to the law of manslaughter are immaterial, and need not be considered.

On the law of self-defense, the Court charged: "The law of self-defense arises out of necessity, actual or presumed. Right there is the pivotal question in the case." The error assigned is that this was a charge on the facts, in that it directed the minds of the jurors solely to the defense, and left out of view all questions relative to the State's case, including the question of malice: The undisputed evidence warranted the charge. Under the evidence, there was no reasonable ground for any contention as to the fact that defendant had killed the deceased, and, as we have shown, there was no legally possible ground for any other than a verdict of murder or of acquittal on the plea of self-defense. Therefore, the Judge was clearly right, when he said that was the pivotal point in the case. In fact and law, it was the only point in the case.

Judgment affirmed.